IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN WAGNER,

      Plaintiff,

   v.                            CIVIL NO. 1:24-CV-30
                                     (KLEEH)

REGARD RECOVERY, LLC,
REGARD RECOVERY MANAGEMENT, LLC,
and REGARD RECOVERY WV, LLC,

      Defendants.

---

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO DISMISS [ECF NO. 8]

Pending before the Court is Defendants' motion to dismiss. For the reasons discussed below, the motion is **DENIED**.

### I.   <u>PROCEDURAL HISTORY</u>

On or about January 26, 2024, Plaintiff John Wagner ("Plaintiff") filed this action in the Circuit Court of Monongalia County, West Virginia. On March 27, 2024, Defendants Regard Recovery, LLC, Regard Recovery Management, LLC, and Regard Recovery WV, LLC (together, "Defendants"), removed the case to this Court. Defendants filed a motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. The motion is fully briefed and ripe for review. On October 30, 2024, the Court held a hearing on the motion.

WAGNER V. REGARD RECOVERY                                    1:24-CV-30

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION TO DISMISS [ECF NO. 8]

## II.    <u>STANDARD OF REVIEW</u>

### Rule 12(b)(2)

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for dismissal for lack of personal jurisdiction.  "[A] defendant 'must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge.'"  <u>UMG Recordings, Inc. v. Kurbanov</u>, 963 F.3d 344 (4th Cir. 2020) (quoting <u>Grayson v. Anderson</u>, 816 F.3d 262, 267 (4th Cir. 2016)).  "In considering whether a plaintiff has met his burden, a court may look beyond the complaint to affidavits and exhibits in order to assure itself of personal jurisdiction."  <u>Id.</u> (citation omitted). "A court must also 'construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.'"  <u>Id.</u> (citation omitted).  With respect to a motion to dismiss for lack of personal jurisdiction, "[t]he allegations of the complaint, except insofar as controverted by the defendant's affidavit, must be taken as true."  <u>Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC</u>, No. 5:09-CV-00467, 2012 WL 1112162, at *4 (S.D.W. Va. Mar. 30, 2012) (Johnston, J.) (citing <u>Wolf v. Richmond Cty. Hosp. Auth.</u>, 745 F.2d 904, 907 (4th Cir. 1984)).

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO DISMISS [ECF NO. 8]**

### Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted."  In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992).  Dismissal is appropriate only if "it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." Johnson v.

WAGNER V. REGARD RECOVERY                              1:24-CV-30

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO DISMISS [ECF NO. 8]**

Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

### III. <u>ALLEGATIONS IN THE COMPLAINT</u>

In 2022, Defendants Regard Recovery, LLC, Regard Recovery Management, LLC, and Regard Recovery WV, LLC ("Defendants") approached Vertava Health ("Vertava"), a healthcare provider with facilities in multiple locations across the country, about purchasing a portion of Vertava's operations/facilities in Massachusetts, Texas, and Ohio. Compl., ECF No. 1-2, at ¶ 11. At that time, Plaintiff served as Chief Operations Officer of Vertava. Id. ¶ 12. Defendants asked Plaintiff to leave Vertava and join Defendants in order to run and/or operate the operations/facilities that Defendants were purchasing from Vertava. Id. ¶ 13. Under this arrangement, Plaintiff would continue to operate multiple facilities from Morgantown, West Virginia. Id. ¶ 14.

Defendants, in their words and actions, repeatedly confirmed that an integral part of the transaction was Plaintiff's agreement to leave Vertava to work for one or more of the Defendants. Id. ¶¶ 15, 18. Plaintiff met with Brett McGennis ("McGennis"), the "Chief Operations Officer of Regard Recovery," in the Wheeling, West Virginia, facility owned and/or operated by Regard Recovery WV, LLC. Id. ¶¶ 8, 16. At that location, Plaintiff was interviewed and "Defendants" made an employment offer to Plaintiff. Id. ¶ 8.

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION TO DISMISS [ECF NO. 8]

On May 24, 2022, McGennis reached out to Plaintiff and informed him of his new compensation and his new title of "COO OMT Operations." Id. ¶ 16. Throughout the remainder of 2022, Vertava and Defendants worked to finalize the transaction. Id. ¶ 17.

Plaintiff proceeded to resign from Vertava, as requested by Defendants. Id. ¶ 19. Plaintiff had previously told Defendants that resigning from Vertava would cost him salary, benefits, bonus, and stock shares and/or options. Id. ¶ 20. Defendants had agreed that compensation in Plaintiff's new position would make up for such losses. Id. On or around December 28, 2022, the purchase between Defendants and Vertava closed. Id. ¶ 21. The morning of December 30, 2022, Defendants informed Plaintiff that they had made the decision "to not move forward with a position within OMT." Id. ¶ 22.

Based on these facts, Plaintiff brings the following causes of action against Defendants:

> (1)  Tortious Interference (Count One);
>
> (2)  Breach of Contract (Count Two);
>
> (3)  Promissory Estoppel (Count Three); and
>
> (4)  Negligent Misrepresentation (Count Four).

### IV.  DISCUSSION

Defendants argue that the Court lacks personal jurisdiction over Regard Recovery, LLC and Regard Recovery Management, LLC (two

WAGNER V. REGARD RECOVERY                                    1:24-CV-30

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION TO DISMISS [ECF NO. 8]

of the three defendants).  Defendants further argue that the entire

complaint should be dismissed for failure to state a claim.

Defendants attach to their motion negotiation-related email

communications and a declaration from Eli Schwarcz ("Schwarcz").

With or without considering Defendants' proposed facts,[1] the Court

finds it appropriate to deny the motion to dismiss with respect to

personal jurisdiction.  The Court also denies the motion with

respect to Rule 12(b)(6) because Defendants are creating factual

disputes that would be better addressed at the summary judgment

stage.

> **A. The Court has personal jurisdiction over Regard Recovery, LLC and Regard Recovery Management, LLC because the entities purposefully directed their activities at West Virginia.**

"To establish personal jurisdiction, a plaintiff must show

that 'the defendant's actions satisfy [West Virginia's] personal

jurisdiction statutes' and that the exercise of jurisdiction is

consistent with 'federal due process.'" State ex rel. Third-Party

Defendant Health Plans v. Nines, 852 S.E.2d 251, 259 (W. Va. 2020)

---

[1] "[C]ourts may consider documents attached to a motion to dismiss without converting it to a motion for summary judgment if the documents are 'integral to and explicitly relied on in the complaint,' and 'the plaintiffs do not challenge [the documents'] authenticity." Roberts v. Barnes, No. 1:22CV65, 2023 WL 3656892, at *3 (N.D.W. Va. May 25, 2023) (quoting Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606-07 (4th Cir. 2015)).

MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS [ECF NO. 8]

(quoting Nezan v. Aries Techs., Inc., 704 S.E.2d 631, 637 (W. VA. 2010)).  In West Virginia, the two questions merge:

> Because the West Virginia long-arm statute is coextensive with the full reach of due process, . . . it is unnecessary . . . to go through the normal two-step formula for determining the existence of personal jurisdiction. . . . Rather, the statutory inquiry necessarily merges with the Constitutional inquiry.

In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir. 1997) (internal citations omitted).  To satisfy constitutional due process, "a foreign corporation must have such minimum contacts with the state of the forum that the maintenance of an action in the forum does not offend traditional notions of fair play and substantial justice."'  Syl. Pt. 6, State ex rel. Bell Atlantic-West Virginia, Inc. v. Ranson, 497 S.E.2d 755 (W. Va. 1997) (quoting Syl. Pt. 1, Hodge v. Sands Mfg. Co., 150 S.E.2d 793 (W. Va. 1966)).  There are two kinds of personal jurisdiction: (1) "general" or "all-purpose" jurisdiction, and (2) "specific" or "case-linked" jurisdiction. See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 592 U.S. 351, 358 (2021).  This Court lacks general jurisdiction over Regard Recovery, LLC and Regard Recovery Management, LLC, but it has specific jurisdiction over them.

WAGNER V. REGARD RECOVERY                                    1:24-CV-30

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION TO DISMISS [ECF NO. 8]

> 1.  **The Court does not have general jurisdiction over Regard Recovery, LLC and Regard Recovery Management, LLC because the entities do not have such continuous and systematic contacts with West Virginia as to render them essentially at home.**

The exercise of general jurisdiction over a defendant requires contacts between the defendant and the forum state that are so "continuous and systematic" as to render them essentially at home in the forum State." Goodyear v. Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (citing Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement, 326 U.S. 310, 317 (1945)).  Generally, a corporation or other business entity is considered "at home" and subject to general personal jurisdiction in its state of incorporation and principal place of business.  State ex rel. Ford Motor Co. v. McGraw, 788 S.E.2d 319, 332-33 (W. Va. 2016).  Only in "an exceptional case . . . [may] a corporation's operations in a forum other than its formal place of incorporation or principal place of business . . . be so substantial and of such a nature as to render the corporation at home in the state." Id. (quoting Daimler AG v. Bauman, 571 U.S. 117, 139 n.19 (2014)).

Here, neither Regard Recovery, LLC nor Regard Recovery Management, LLC are licensed to do business in West Virginia.  See Schwartz Decl., ECF No. 9-2, at ¶¶ 5(b), 6(b).  They do not own property in West Virginia, maintain an office in West Virginia, or

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO DISMISS [ECF NO. 8]**

have any employees performing services in West Virginia.  See id.
¶¶ 5(a)-(d), 6(a)-(d).  Both LLCs are organized under the laws of
the State of Delaware.  See id. ¶¶ 5, 6.  Regard Recovery, LLC's
principal place of business is in Florida, and its operations are
exclusively dedicated to the operation of health care facilities
in Florida, Tennessee, and Kentucky.  See id. ¶ 5.  Regard Recovery
Management, LLC is a holding company with no employees or physical
presence.  See id. ¶ 6.

Overall, with respect to Regard Recovery, LLC and Regard
Recovery Management, LLC, Plaintiff has not set forth allegations
in the complaint to support a finding of continuous and systematic
contacts in West Virginia.  This is not an extraordinary case where
the two entities can be said to be "at home" in West Virginia
despite not being incorporated or having a principal place of
business here.  The Court finds that it lacks general jurisdiction
over Regard Recovery, LLC and Regard Recovery Management, LLC.

2. **The Court has specific jurisdiction over Regard**
**Recovery, LLC and Regard Recovery Management, LLC**
**because they purposefully directed activities at**
**West Virginia.**

To determine whether specific jurisdiction exists, the Court
examines "(1) the extent to which the defendant purposefully
availed itself of the privilege of conducting activities in the
State; (2) whether the plaintiff['s] claims arise out of those

WAGNER V. REGARD RECOVERY                                          1:24-CV-30

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION TO DISMISS [ECF NO. 8]

activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Mitrano v. Hawes, 377 F.3d 402, 407 (4th Cir. 2004) (citation omitted). Here, all three prongs are met.

### i.  Purposeful Availment (Prong One)

The first prong addresses "the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State." The relationship between the defendant and the forum "must arise out of contacts that the defendant himself creates" with the forum. Clarke v. Tango Networks, Inc., Case No. 2:21-cv-00546, 2021 WL 6095328, at *7 (S.D.W. Va. Dec. 23, 2021) (citations and internal quotation marks omitted).

While this question is not susceptible of "mechanical" application, see Int'l Shoe, 326 U.S. at 319, courts have considered the following in determining the extent to which a defendant purposefully availed itself of the privilege of conducting activities in a forum state:

- "whether the defendant maintains offices or agents in the forum state"

- "whether the defendant owns property in the forum state"

- "whether the defendant reached into the forum state to solicit or initiate business"

MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS [ECF NO. 8]

- "whether the defendant deliberately engaged in significant or long-term business activities in the forum state"

- "whether the parties contractually agreed that the law of the forum state would govern disputes"

- "whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship"

- "the nature, quality and extent of the parties' communications about the business being transacted"

- "whether the performance of contractual duties was to occur within the forum."

Box Alarm Leather, LLC v. Manuel, No. 3:23-CV-129, 2023 WL 7391867, at *3 (N.D.W. Va. Sept. 14, 2023) (citing Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009)).  In ALS Scan, Inc. v. Digital Service Consultants, Inc., the United States Court of Appeals for the Fourth Circuit found that

> a State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts.

293 F.3d 707, 714 (4th Cir. 2002).

Here, through electronic activity (emails), Defendants reached out to Plaintiff, a West Virginia resident, to negotiate

MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS [ECF NO. 8]

regarding services Plaintiff was to perform for them in West Virginia. Plaintiff has alleged that Regard Recovery, LLC and Regard Recovery Management, LLC used Regard Recovery WV, LLC's offices and real estate in Wheeling, West Virginia, to conduct business, at least with him. McGennis, who was then the "Chief Operations Officer of Regard Recovery," had an in-person meeting with Plaintiff in Wheeling, West Virginia, to negotiate Plaintiff's employment.

What is more, Plaintiff alleges that "Regard Recovery" has held itself out as one company. When opening Regard Recovery WV, LLC's facility in West Virginia, WTRF interviewed Regard Recovery COO McGennis on site at its "first location in West Virginia." McGennis, who came to West Virginia to meet with Plaintiff in person, is the current "Regard Recovery CEO." See Resp., ECF No. 10, at 6. He is also a member of Regard Recovery, LLC, a member of Regard Recovery Management, LLC, and a member of Blacktip Holdings LLC, which is a member of Regard Recovery WV, LLC. See NOR, Schwarcz Decl., ECF No. 1-1, at ¶¶ 3, 7, 12, 13. McGennis and Schwarcz discussed providing Plaintiff with equity in Regard Recovery WV, LLC if he were to accept the offer of employment. See Wagner Aff., ECF No. 10-1, at ¶ 6. Because Plaintiff has alleged that McGennis traveled to West Virginia to meet Plaintiff on behalf of "Regard Recovery," and because Plaintiff has alleged

MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS [ECF NO. 8]

that Defendants sent him emails relating to potential employment
that he would perform in West Virginia, it is not appropriate at
this stage to find that no jurisdiction exists for Regard Recovery,
LLC and Regard Recovery Management, LLC.[2]  For these reasons, the
Court finds, at least at this stage, that Regard Recovery, LLC and
Regard Recovery Management, LLC purposefully directed their
activities at West Virginia or purposefully availed themselves of
the privilege of conducting business here, and the first prong is
satisfied.

### ii.  Forum-Related Activity (Prong Two)

The second prong of the test for specific jurisdiction
requires that the alleged injury of the plaintiff arises out of
the defendant's forum-related activities.  Here, it is clear that
Plaintiff's claims arise out of Defendants' activities directed at
the state.  Defendants came into West Virginia, both in email
messages and in person, to negotiate with Plaintiff regarding work
he would perform in West Virginia on behalf of facilities that
Defendants own (or would own) throughout the country, including

---

[2] Plaintiff's complaint contains conclusory allegations that Regard
Recovery WV, LLC "is related to, subsidiary to, or the corporate
parent of" Regard Recovery, LLC and that Regard Recovery
Management, LLC "is related to, subsidiary to, or the corporate
parent of" Regard Recovery, LLC.  While the LLCs share certain
members, it does not appear to be true that the "Regard Recovery"
LLCs are subsidiaries or affiliates of one another.

MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS [ECF NO. 8]

(as they publicly claimed in the news) in West Virginia.
Accordingly, the second prong is satisfied.

### iii. Constitutional Reasonableness (Prong Three)

The third prong of the specific jurisdiction test requires
that the exercise of personal jurisdiction is constitutionally
reasonable. In examining reasonableness, the Court may evaluate
the following:

> "the burden on the defendant," "the forum
> State's interest in adjudicating the dispute,"
> "the plaintiff's interest in obtaining
> convenient and effective relief," "the
> interstate judicial system's interest in
> obtaining the most efficient resolution of
> controversies," and the "shared interest of
> the several States in furthering fundamental
> substantive social policies."

Burger King v. Rudzewicz, 471 U.S. 462, 477 (1985) (citing World-
Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 392 (1980)). Here,
the Court finds, at this stage, that it is constitutionally
reasonable to litigate the case against Regard Recovery, LLC and
Regard Recovery Management, LLC in West Virginia. Any burden on
the two entities is outweighed by the interest of Plaintiff and
West Virginia in adjudicating alleged torts against West Virginia
residents that took place here.

WAGNER V. REGARD RECOVERY                                          1:24-CV-30

MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS [ECF NO. 8]

> **B.   Dismissal pursuant to Rule 12(b)(6) is not appropriate because Defendants are creating factual disputes that are more appropriately addressed at the summary judgment stage.**

Defendants argue that the entire complaint should be dismissed for failure to state a claim. In making this argument, Defendants rely heavily on their own submitted facts, which include email communications and a declaration from Schwarcz. For the reasons discussed below, the Court finds that Defendants are creating factual disputes that are better addressed at the summary judgment stage. The Court denies the motion to dismiss pursuant to Rule 12(b)(6).

Defendants assert that OMT Addiction Centers, LLC — not Defendants — acquired the Vertava operations at issue. <u>See</u> Schwarcz Decl., ECF No. 9-2, at ¶ 7. Because Defendants did not acquire Vertava's operations, Defendants argue that they would have had no reason to discuss Plaintiff's potential employment, which included management of those operations. Defendants further argue that even if Plaintiff could establish that Defendants were involved in the acquisition of Vertava's operations, email communications integral to Plaintiff's complaint (which Plaintiff did not attach to his complaint) defeat his claims.

Specifically, Defendants believe the communications show that the proposed position of "COO OMT Operations" was revised as OMT

15

MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS [ECF NO. 8]

performed its acquisition due diligence, and OMT and Vertava amended the Purchase Agreement between May and December 2022. See Emails, ECF No. 9-1. With respect to the email to Plaintiff stating that "the decision had been made not to move forward with the position within OMT," Defendants argue that the communications show that Plaintiff responded, "Works out great as I was going to decline the offer[.]" See id. Defendants argue that even if Plaintiff could establish that Defendants were involved in the acquisition of Vertava's operations, no verbal or written agreement or promise was made to hire Plaintiff, as established by his own email response.

### 1. Tortious Interference (Count One)

"To establish prima facie proof of tortious interference, a plaintiff must show: (1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." Syl. Pt. 5, Hatfield v. Health Mgmt. Assocs. of W. Va., 672 S.E.2d 395 (W. Va. 2008).

Defendants assert that Plaintiff's express allegations demonstrate that the discussions concerning the creation of a position with OMT Addiction Centers LLC were secondary to the Vertava acquisition. Defendants, therefore, assert that Plaintiff

## MEMORANDUM OPINION AND ORDER
### DENYING MOTION TO DISMISS [ECF NO. 8]

understood that no potential employment relationship could exist should the acquisition not close.  When the acquisition closed, OMT Addiction Centers LLC acquired certain Vertava operations that Plaintiff oversaw as an employee of Vertava.

Defendants point out "two fatal flaws with respect to Plaintiff's tortious interference claim": first, upon closing, OMT Addiction Centers LLC acquired the authority to control the Vertava operations — and OMT Addiction Centers LLC cannot be said to interfere with itself.  Second, Defendants argue that Plaintiff cannot establish the causation element of tortious interference because upon acquisition, Plaintiff's role with Vertava would have been eliminated.  Defendants also assert that Plaintiff did not suffer harm because he planned to decline the offer.

Defendants argue, in any event, that the mere discussion of a potential employment opportunity cannot amount to an intentional act of interference.  No formal contract was given to or signed by Plaintiff.  They argue that Plaintiff does not and cannot allege the existence of any agreement that required him to resign or prevented or interfered with Vertava's right to maintain plaintiff for its surviving operations.  Plaintiff argues that these are factual issues that should not be resolved at this stage.

The Court agrees with Plaintiff that Defendants are creating factual disputes that are more appropriately addressed at the

MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS [ECF NO. 8]

summary judgment stage.  Taking Plaintiff's asserted facts as true, he has stated a claim for tortious interference.  The first element is met: an existence of a contractual relationship between Plaintiff and Vertava (by which Plaintiff would be hired as "COO OMT Operations").  The second element is met: an intentional act of interference by Defendants by inducing him to leave Vertava. The third and fourth elements are met: Plaintiff has suffered damages, including his salary, benefits, bonus, and stock shares and/or options.  Accordingly, the 12(b)(6) motion is denied with respect to Count One.

### 2.  Breach of Contract (Count Two)

"In West Virginia, the elements of breach of contract are (1) a contract exists between the parties; (2) a defendant failed to comply with a term in the contract; and (3) damage arose from the breach."  Nance v. Huntington W. Va. Hous. Auth., No. 16-0855, 2017 WL 2210152, at *5 (W. Va. May 19, 2017) (citation omitted). "It is a fundamental tenant of contract law that the parties must enter into a meeting of the minds in order to form an enforceable contract."  Chesapeake Appalachia, L.L.C. v. Hickman, 781 S.E.2d 198, 216 (W. Va. 2015) (citation omitted).  "[T]o have a meeting of the minds, the parties must have 'the same understanding of the terms of the agreement reached.'"  Levine v. Rockwool Int'l A/S,

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION TO DISMISS [ECF NO. 8]

888 S.E.2d 903, 907 (W. VA. 2023) (quoting <u>Messer v. Huntington Anesthesia Grp., Inc.</u>, 664 S.E.2d 751, 759 (W. Va. 2008)).

Again, Defendants argue that their attached communications show a discussion about the potential creation of a position secondary to the acquisition of Vertava's operations. Defendants assert that there was never a formal offer sent to Plaintiff and no meeting of the minds. In any event, they argue, Plaintiff stated that he never intended to accept an employment offer. Plaintiff argues that these are factual issues that should not be resolved at this stage.

The Court agrees with Plaintiff that Defendants are creating factual disputes that are more appropriately addressed at the summary judgment stage. Taking Plaintiff's asserted facts as true, he has stated a claim for breach of contract. The first element is satisfied: a contract between Plaintiff and Defendants exists (by which Plaintiff would be hired as "COO OMT Operations"). The second element is satisfied: Defendants failed to comply by indicating that they no longer intended to move forward with his position. The third element is satisfied: Plaintiff has suffered damages, including salary, benefits, bonus, and stock shares and/or options. Accordingly, the 12(b)(6) motion is denied with respect to Count Two.

WAGNER V. REGARD RECOVERY                                    1:24-CV-30

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION TO DISMISS [ECF NO. 8]

### 3.    Promissory Estoppel (Count Three)

In West Virginia,

> the claim of promissory estoppel/detrimental
> reliance requires proof of the following: (1)
> a promise; (2) reasonable reliance on the
> promise by the plaintiff; (3) that it was
> foreseeable to the defendant that the
> plaintiff would rely on the promise; (4) that
> the plaintiff suffered damages as a result of
> her reasonable reliance upon the promise of
> the defendant; and (5) under a circumstance
> that injustice can only be avoided through
> enforcement of the promise.

Koerber v. Wheeling Island Gaming, Inc., No. 5:12CV97, 2013 WL
162669, *4 (N.D.W. Va. Jan. 15, 2013) (citing Everett v. Brown,
321 S.E.2d 685 (W. Va. 1984)).

Defendants argue that there was no promise that reasonably
could have been relied upon by Plaintiff.  Again, they argue that
the preliminary discussions about creation of a proposed position
of "COO OMT Operations" were secondary to the Vertava acquisition,
which could have fallen through at any time.  Defendants argue
that there was no promise.  They further argue that Plaintiff never
relied on any alleged promise because he stated that he intended
to decline the offer.  As such, they argue that he could not have
suffered damages.  Plaintiff argues that these are factual issues
that should not be resolved at this stage.

The Court agrees with Plaintiff that Defendants are creating
factual disputes that are more appropriately addressed at the

WAGNER V. REGARD RECOVERY                                    1:24-CV-30

MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS [ECF NO. 8]

summary judgment stage.  Taking Plaintiff's asserted facts as true,

he has stated a claim for promissory estoppel.  The first element

is satisfied: Defendants made Plaintiff a promise that if the

Vertava acquisition closed, he would be given the position of "COO

OMT Operations."   The second element is satisfied: Plaintiff

reasonably relied on this promise when he, as the transaction was

near closing, resigned from Vertava.   The third element is

satisfied: it was foreseeable that Plaintiff would rely on the

promise because it was part of ongoing discussions for months.

The fourth element is satisfied: Plaintiff has suffered damages,

including salary, benefits, bonus, and stock shares and/or

options.  The fifth element is met: injustice can only be avoided

by enforcing the promise.   Accordingly, the 12(b)(6) motion is

denied with respect to Count Three.

### 4.   Negligent Misrepresentation (Count Four)

In West Virginia,

> To state a claim for negligent
> misrepresentation . . . a plaintiff must
> establish (1) that a defendant represented a
> matter as being true, (2) that the defendant
> had no knowledge of the truth of his
> representation, (3) that the representation
> was false, and (4) that the plaintiff relied
> on the false representation to his detriment.

WAGNER V. REGARD RECOVERY                                    1:24-CV-30

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION TO DISMISS [ECF NO. 8]

Kerns v. Range Res. – Appalachia, LLC, No. 1:10CV23, 2011 WL
3753117, at *7 (N.D.W. Va. Aug. 23, 2011) (citations omitted and
numbers added).

    Defendants argue that there was no detrimental reliance here.
Again, they argue that the discussions about creating a "COO OMT
Operations" position were secondary to the Vertava acquisition.
Defendants argue that the communications show that the proposed
position was modified as OMT performed its due diligence of the
Vertava operations that it was acquiring.  Further, Defendants
argue that Plaintiff clearly stated that he was not going to accept
an offer for the position.  Plaintiff argues that these are factual
issues that should not be resolved at this stage.

    The Court agrees with Plaintiff that Defendants are creating
factual disputes that are more appropriately addressed at the
summary judgment stage.  Taking Plaintiff's asserted facts as true,
he has stated a claim for negligent misrepresentation.  The first
element is satisfied: Defendants represented it to be true that
Plaintiff would be hired as "COO OMT Operations."  The second and
third elements are satisfied: the representation was false, and
Defendants had no knowledge of its truth (which can be shown
circumstantially from their decision not to hire him after he had
already resigned from Vertava).  The fourth element is satisfied:
Plaintiff resigned from Vertava to his detriment, which caused

WAGNER V. REGARD RECOVERY                                      1:24-CV-30

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION TO DISMISS [ECF NO. 8]

damages including salary, benefits, bonus, and stock shares and/or options.

### V.   CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is **DENIED** in its entirety [ECF No. 8].  The parties are **DIRECTED** to meet and confer and submit, on or **March 17, 2025**, a jointly proposed schedule to govern the case moving forward.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: March 3, 2025

_Tom S Kleeh_
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA